UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-cv-11672-RGS

CHOSEN ONE JA'MIMA'NI

v.

EVERY U.S. PRESIDENT AFTER:
PRESIDENT RICHARD MILHOUSE NIXON,
THE NATION OF ISLAM, ALL NAZI/ANTI-CHRIST ORGANIZATION,
ROBERT CRANE

ORDER OF DISMISSAL

July 2, 2024

STEARNS, D.J.

Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is ALLOWED. Because the plaintiff is proceeding in forma pauperis, the complaint is subject to screening pursuant to 28 U.S.C. 1915(e). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune party. See 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the court construes the complaint "with some liberality" because he is proceeding pro se. *Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ.*, 209 F.3d 18, 23 (1st Cir.

2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

While the court does not doubt the sincerity of plaintiff's belief in his claims, the complaint, even read generously, does not meet the minimal screening requirements of 28 U.S.C. §1915(e)(2)(B). Indeed, among other deficiencies, there are no plausibly pleaded allegations against any of the defendants. Accordingly, because it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002), this action is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B). The Clerk is directed to enter a separate order of dismissal and CLOSE this action.

SO ORDERED.

  /s/ Richard G. Stearns      
UNITED STATES DISTRICT JUDGE